**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **CALVIN SMITH,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 4:26-cv-00310-CDL-AGH** |
| **v.** | : | |
| | : | |
| **JOHN DOE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Pro se Plaintiff Calvin Smith, a prisoner at Dodge State Prison in Chester, Georgia, filed a complaint under 42 U.S.C. § 1983 and moved to proceed *in forma pauperis*. ECF No. 1; ECF No. 2.  He complains about his parole revocation and names John Doe, a "parole supervisor" with the "Columbus Parole Office."  ECF No. 1 at 6.  John Doe supervises Joel Stanton, Plaintiff's parole officer.  *Id*.  Plaintiff alleges that Doe is responsible for Stanton's actions because Doe "knew or should have known that parole enforcement based on a constitutionally silent conviction lacked enforcement."  *Id*. at 7.

In addition to the current § 1983 complaint, Plaintiff filed *Smith v. Stanton*, 4:26-cv-00309 (M.D. Ga. Feb. 23, 2026), in which he makes the same allegations regarding his allegedly unconstitutional parole revocation and names Joel Stanton as the Defendant.  It appears the claim or claims in both actions are the same or very similar.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to

consolidate actions that "involve a common question of law or fact."[1]   Consolidation of Plaintiff's cases will conserve judicial resources and permit the efficient resolution of Plaintiff's claims.   It is therefore **ORDERED** that this case, *Smith v. Doe*, No. 4:26-cv-00310-CDL-AGH be **CONSOLIDATED** into *Smith v. Stanton*, 4:26-cv-00309-CDL-AGH, and that the present case, No. 4:26-cv310-CDL-AGH, be **ADMINISTRATIVELY CLOSED.**

      **SO ORDERED**, this 25th day of February, 2026.

                            S/Clay D. Land
                            CLAY D. LAND
                            U.S. DISTRICT COURT JUDGE
                            MIDDLE DISTRICT OF GEORGIA

---

[1] A district court may *sua sponte* order the consolidation of cases.  *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1317 (11th Cir. 2017) (upholding the district court's *sua sponte* consolidation of four civil actions).

2